**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Booker BIRDSONG, Defendant–**
**Appellant.**

**No. 92–4126**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1993.

Lori Barrist, Asst. Federal Public Defender, Miami, FL, for defendant-appellant.

Maria A. Franco, Linda Collins Hertz, and Ann M. Hayes, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before ANDERSON and BIRCH, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

This case comes before the Court on Defendant/Appellant's appeal from his conviction in the District Court for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count II). Appellant was acquitted on charges of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count I) and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count III). This appeal presents two issues. First, Appellant contends that the District Court erred in denying the defendant's motion to bifurcate the possession issue from the other elements of the crime charged in Count II. Second, Appellant alleges that the District Court erred in denying the defendant's motion to suppress evidence seized during the search of his car.

Appellant contends that the District Court erred by failing to bifurcate the trial on Count II, possession of a firearm by a convicted felon. Appellant argues that the prejudicial effect of the label "convicted felon" would have been avoided if the District Court had bifurcated Count II so that the jury heard evidence of possession of a firearm before the presentation of any evidence of the defendant's prior criminal record. A request to bifurcate the presentation of evidence on different elements of a single offense is extremely rare. The First Circuit Court of Appeals faced such a request for a charge of possession of a firearm by a convicted felon in *United States v. Collamore*, 868 F.2d 24 (1st Cir.1989). In that case, the court granted a motion for writ of mandamus, effectively reversing the District Court's order granting the defendant's motion to bifurcate the elements of a possession of a firearm by a convicted felon charge. The court reasoned:

> First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.

*Collamore*, 868 F.2d at 28. A second problem with bifurcation of the elements of a single offense recognized by the *Collamore* court is the need to use special interrogatories which can unduly hinder jury deliberations by allowing the trial judge to carefully guide the jury to its conclusion. We specifically adopt the reasoning of the First Circuit in *Collamore* and hold that the District Court did not err by failing to grant the defendant's motion to bifurcate the trial on the elements of the charge of possession of a firearm by a convicted felon.

The second issue on appeal is whether the District Court properly denied the defendant's motion to suppress the ad-

mission of evidence of the ammunition for a 9 millimeter hand gun found inside the defendant's car. Appellant asserts that he was in custody at the time the car was searched and therefore could not properly consent to a search before being read his *Miranda* rights. Appellant claims that the Fourth Amendment exclusion rule should apply to the ammunition because no warrantless search exception applied and any consent was tainted by failure to give *Miranda* warnings.

The validity of the defendant's consent is irrelevant in this case, however, because the circumstances of this case demonstrate probable cause and exigency sufficient to justify a warrantless search. "A warrantless search of a vehicle is permitted if (1) there is probable cause to believe the vehicle contains contraband, and (2) there are exigent circumstances which necessitate a warrantless search or seizure." *United States v. Parrado,* 911 F.2d 1567, 1571 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991). Here, probable cause to search a vehicle was established because a person matching the defendant's description had participated in a drug transaction almost immediately prior to the defendant's detainment, the defendant was found standing next to a car for which he had the keys, the defendant admitted that the car was his, and the defendant was seen placing a gun on the wheel of the car. Appellant contends that no exigent circumstances existed to justify the warrantless search because he was already in custody and police officers had possession of his car keys at the time of the search. The *Parrado* court confronted this same argument and held that once law enforcement officers have probable cause to conduct a warrantless search of a vehicle, the officers may conduct the warrantless search even after the vehicle is impounded and in police custody. *Parrado,* 911 F.2d at 1571. Thus, Appellant's argument is unavailing, and his conviction is AFFIRMED.