**In the Matter of Joseph RABB.**

**No. 49S00–9608–DI–527.**

Supreme Court of Indiana.

Dec. 30, 1998.

Harold G. O'Dell, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Joseph Rabb, with one count of misconduct arising from his mishandling of a wrongful death claim and his efforts to conceal that misconduct.

The Commission and the respondent have tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement* for discipline with respect to the charged misconduct, pursuant to Ind. Admission and Discipline Rule 23, Section 11(c). The respondent was admitted to practice law in Indiana in 1962 and, therefore, is subject to this Court's disciplinary jurisdiction.

The agreement reflects that the essential facts are undisputed. The parties agree that the respondent was hired to represent a couple in a wrongful death suit shortly after the death of their daughter in a mobile home fire in October 1989. The respondent told the couple that he would file their lawsuit against the trailer park in which the mobile home was located within a week.

Although the respondent never filed the lawsuit, he repeatedly told the couple that he had and that a settlement would follow shortly. When the couple demanded that the respondent identify the case number for the lawsuit so that they could ascertain its status, the respondent finally admitted that he had not filed the lawsuit. He suggested that they hire another attorney to file a malpractice claim against him, inasmuch as the statute of limitations on their wrongful death claim had expired.

The parties agree, and we hereby find, that the respondent engaged in misconduct by violating:

1) Ind.Professional Conduct Rule 1.1 by failing to file suit on his clients' behalf before the statute of limitations barred their claim [1];

2) Prof.Cond.R. 1.3 by failing diligently to pursue his clients' claim by timely filing suit on their behalf [2];

3) Prof.Cond.R. 1.4(a) by failing for five years to inform his clients that he had not filed the lawsuit as he was instructed [3]; and

4) Prof.Cond.R. 8.4(c) by telling his clients he had filed the lawsuit when he had not. [4]

The parties have agreed that the appropriate sanction is a sixty (60) day suspension from the practice of law.

Although the respondent was hired shortly after the fire, he delayed more than five years in pursuing his clients' claim. Despite his clients' repeated inquiries and, eventually, the prospect of the statute of limitations barring his clients' action, the respondent failed to perform the relatively simple act of filing a complaint to preserve his clients' claim.

To make matters worse, the respondent concealed his own misconduct by repeatedly misinforming his clients that he had filed their claim. Only when the clients insisted on proof of filing did the respondent finally admit his misconduct. At that point, the damage to his clients was irreparable, inasmuch as the statute of limitations had expired and barred the clients' claim against the trailer park which they believed was responsible for their daughter's death.

The respondent's actions show a major deviation from minimum professional standards. In similar circumstances, we have imposed suspension from the practice of law. *See, e.g., Matter of Gielow,* 601 N.E.2d 340 (Ind.1992) (thirty-day suspension for one count of neglect and lying to a client); *Matter of Cherry,* 658 N.E.2d 596 (Ind.1995) (90–day suspension for telling client that appeal "did not go through" when, in fact, the lawyer missed filing deadline). The respondent's misconduct included troubling inaction to the detriment of a client as well as a serious element of concealment. In light of these considerations, we conclude that a six-

---

1. Prof.Cond.R. 1.1 provides:

    A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

2. Prof.Cond.R. 1.3 provides:

    A lawyer shall act with reasonable diligence and promptness in representing a client.

3. Prof.Cond.R. 1.4(a) provides:

    A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4. Prof.Cond.R. 8.4(c) provides:

    It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation....

ty-day suspension from the practice of law is commensurate with the respondent's actions.

Accordingly, it is, therefore, ordered that the respondent, Joseph Rabb, is suspended from the practice of law for a period of sixty days, beginning February 1, 1999. The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.