**Nathaniel SPEARMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0006–CR–261.

Court of Appeals of Indiana.

March 6, 2001.

Rehearing Denied April 24, 2001.

---

Catherine M. Morrison, Wolf & Morrison, P.C., Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Nathaniel Spearman appeals his conviction for unlawful possession of a firearm by a serious violent felon,[1] a class B felony. On appeal he raises the following issue, which we restate as: whether the trial court violated Spearman's rights to due process under the Fourteenth Amendment to the United States Constitution when it denied Spearman's motion to bifurcate portions of the proceedings.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the evening of September 28, 1999, officers of the Indianapolis Police Department responded to the report of an altercation between Spearman and Michael Hardin at Hardin's mother's home. When the police officers arrived, Hardin told them that Spearman had brandished a gun and then placed it in the trunk of the car in which he had arrived at the home. With Spearman's consent, the police officers searched the car and found a handgun in the trunk.

Spearman was arrested. Because Spearman had a previous conviction for criminal confinement, the State charged him with unlawful possession of a firearm by a serious violent felon.[2] A second charge, pointing a firearm at another person,[3] as a class D felony, was dismissed prior to Spearman's trial.

Three days prior to trial, Spearman moved for bifurcated proceedings so that the jury would not be told of his criminal confinement conviction before it determined whether he was in possession of a firearm. The trial court denied the motion. Spearman raised the issue again in an oral motion at the commencement of his jury trial. After a considerable amount of discussion by the judge and attorneys out of the presence of the jury, the trial court confirmed its prior ruling and ordered the cause to be tried without bifurcation. *Record* at 116–19, 121.

During the jury trial, Spearman stipulated that he had been convicted of criminal confinement in Marion Superior Court on February 4, 1999. *Id.* at 175. The jury convicted Spearman of possession of a firearm by a serious violent felon. He now appeals.

## DISCUSSION AND DECISION

On appeal, Spearman contends that his right to due process was violated when the trial court did not conduct bifurcated proceedings. Specifically, he maintains that trying him under circumstances that allowed his prior felony conviction for criminal confinement to be introduced during

1. *See* IC 35–47–4–5.

2. IC 35–47–4–5 prohibits a serious violent felon from knowingly or intentionally possessing a firearm. This statute deems, among others, one who is convicted of criminal confinement under IC 35–42–3–3 to be a serious violent felon. IC 35–47–4–5(b)(7).

3. *See* IC 35–47–4–3.

the trial violated his due process rights under the Fourteenth Amendment to the United States Constitution. We disagree.

In 1999, the legislature enacted IC 35–47–4–5 to proscribe the unlawful possession of a firearm by a serious violent felon. P.L. 247–1999, SEC. 1. The statute defines "serious violent felon" and lists 26 crimes that constitute serious violent felonies. In pertinent part, IC 35–47–4–5 provides as follows:

> (a) As used in this section, "serious violent felon" means a person who has been convicted of:
>
> (1) committing a serious violent felony in:
>
> (A) Indiana;
>
> . . .
>
> (b) As used in this section, "serious violent felony" means:
>
> . . .
>
> (7) criminal confinement (IC 35–42–3–3);
>
> . . .
>
> (c) A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony.[4]

■ Spearman's bifurcation argument rests, in part, on our court's approval of bifurcation when a defendant is charged as an habitual offender and in cases where prior convictions serve to elevate a present crime or enhance the penalty for a present conviction. *See Shelton v. State,* 602 N.E.2d 1017, 1019–20 (Ind.1992) (bifurcation where prior conviction used by jury to adjudge the defendant an habitual offender); *Landis v. State,* 693 N.E.2d 570, 571–72 (Ind.Ct.App.1998), *aff'd,* 704 N.E.2d 113 (Ind.1998) (bifurcation where prior conviction

tion served to elevate current offense); *Johnson v. State,* 544 N.E.2d 164, 168 (Ind. Ct.App.1989), *trans. denied* (bifurcation required where prior conviction used to enhance a present conviction). Spearman correctly notes that evidence of prior convictions is generally inadmissible because such evidence " 'has no tendency to establish the guilt or innocence of the accused' " during the phase to determine whether the defendant is guilty of the underlying felony. *Shelton,* 602 N.E.2d at 1019 (quoting *Lawrence v. State,* 259 Ind. 306, 310, 286 N.E.2d 830, 832 (1972)); *see also Landis,* 693 N.E.2d at 571; *Johnson,* 544 N.E.2d at 168. The only effect of such evidence during the determination of guilt or innocence is to " 'prejudice or mislead or excite the minds and inflame the passions of the jury.' " *Shelton,* 602 N.E.2d at 1019 (quoting *Lawrence,* 259 Ind. at 310, 286 N.E.2d at 832); *see also Landis,* 693 N.E.2d at 571; *Johnson,* 544 N.E.2d at 168.

■ While bifurcation is appropriate in the above circumstances, the rationale for inadmissibility of prior convictions breaks down when the evidence of the prior conviction not only has the "tendency" to establish guilt or innocence but also is essential to such determination. Our supreme court has stated:

> "The admission or rejection of evidence is not a matter of judicial grace. It is a legal right. To be admissible, evidence must logically tend to prove a material fact. Accordingly, evidence of prior crimes is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused. . . . Evidence of prior crimes is admissible, however, if it is relevant to some issue in the case, such as intent, motive, knowledge, plan, identity, or credibility. . . . The admissibili-

---

4. Because it is newly enacted, our court has analyzed IC 35–47–4–5 on only three occasions. *See Wheeler v. State,* No. 49A02–0006–CR–372, 742 N.E.2d 560 (Memorandum Decision, Feb. 9, 2001); *Hatchett v. State,* 740 N.E.2d 920 (Ind.Ct.App.2000), *trans. pending; Teer v. State,* 738 N.E.2d 283 (Ind.Ct.App.

2000), *trans. denied.* Although the issue of bifurcation was raised in *Wheeler* and *Hatchett,* we did not discuss it, finding in both cases that the defendants had waived the issue by failing to object to the lack of bifurcated proceedings at trial.

ty of prior convictions in such cases is justified only by their relevance to the issues. The undesirable tendency to prejudice remains, but the overriding interests of the State in arriving at the truth prevails."

*Lawrence,* 259 Ind. at 309–10, 286 N.E.2d at 832–33 (citations omitted); *see also Johnson,* 544 N.E.2d at 168 (evidence of other crimes may be offered to show the defendant's intent, motive, knowledge, malice, sanity, scheme or plan, or capacity to commit the offense, or the criminal actor's identity).

The Indiana General Assembly has prohibited those convicted of a serious violent felony from knowingly or intentionally possessing a firearm. IC 35–47–4–5. The legal status of the offender is an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status. This is a very different situation from one in which the act itself is illegal without regard to the status of the offender, from one where the level of the illegal act is elevated based upon the offender's status, and from one where the punishment for the illegal act is enhanced based upon the offender's status. In each of these other instances, it is possible to bifurcate the trial because the jury can reasonably perform its function of determining whether the defendant committed an illegal act without hearing evidence of the defendant's legal status or prior crimes. Here, such bifurcation is not possible because the jury cannot determine if the defendant committed an illegal act without hearing such evidence.

It is not practical, or even possible, to bifurcate the proceedings in this case. Before trial, the State dropped the charge of pointing a handgun. The only charge Spearman faced was as a serious violent felon who knowingly or intentionally possessed a firearm. The court could not hold a guilt phase as to the possession of a firearm before holding a guilt phase regarding the existence of a prior conviction that constitutes a serious violent felony because, without more, one is not "guilty" of possession of a firearm. The court could not tell the jury that the defendant is charged with possessing a firearm because that in and of itself is insufficient to constitute a crime. In the absence of the serious violent felony conviction there is no *unlawful* possession component.

Federal law contains a statute similar to IC 35–47–4–5. Under federal law, possession of a firearm by a convicted felon is a crime. 18 U.S.C. § 922(g)(1). In interpreting this statute, various federal courts of appeal have reasoned that because the prior conviction is an element of a crime, the prior conviction need not be, and in most cases should not be, bifurcated from the possession of the firearm element. *See United States v. Mangum,* 100 F.3d 164, 171 (D.C.Cir.1996); *United States v. Jacobs,* 44 F.3d 1219, 1222–23 (3rd Cir.1995), *cert. denied,* 514 U.S. 1101, 115 S.Ct. 1835, 131 L.Ed.2d 754 (1995); *United States v. Barker,* 1 F.3d 957, 959 (9th Cir.1993), *modified on denial of reh'g,* 20 F.3d 365 (9th Cir.1994); *United States v. Birdsong,* 982 F.2d 481, 482 (11th Cir.1993), *cert. denied,* 508 U.S. 980, 113 S.Ct. 2984, 125 L.Ed.2d 680 (1993); *United States v. Collamore,* 868 F.2d 24, 27–28 (1st Cir.1989); *see also United States v. Aleman,* 609 F.2d 298, 310 (7th Cir.1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980) (prior conviction allowed as element of crime of being a felon in possession of a firearm).

Although only persuasive, the federal courts' reasoning is helpful to our analysis. In *Collamore* and *Barker,* defendants were each charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) or its predecessor. Both defendants moved for, and the trial courts granted, bifurcation of the "possession" element from the "felon" element of the crime. On appeal, the First Circuit and Ninth Circuit, acting under their mandamus powers, reversed their respective trial courts and held that the trial court could not bifurcate the elements of the crime of

being a felon in possession of a firearm. *Collamore,* 868 F.2d at 27–28; *Barker,* 1 F.3d at 959–60. The *Collamore* court reasoned:

> "First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant's] possession was illegal. Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element."

*Collamore,* 868 F.2d at 28.

Similarly, in *Mangum,*[5] *Jacobs,*[6] and *Birdsong,*[7] the defendants were each convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On appeal, the defendants argued that the trial court erred in failing to bifurcate the elements of § 922(g) because the jury should have decided the element of firearm possession before being informed that the defendant had a prior conviction. The D.C. Circuit, Third Circuit, and Eleventh Circuit, respectively, agreed with the reasoning of *Collamore* and held that the trial court did not err in refusing to bifurcate the elements of the offense. *Mangum,* 100 F.3d at 171; *Jacobs,* 44 F.3d at 1222–23; *Birdsong,* 982 F.2d at 482.

We understand that prejudice may arise when a jury is informed of a prior conviction under IC 35–47–4–5, but the focus cannot be placed solely on the question of the prejudicial effect of such evidence. Indeed, much of the evidence adduced at a criminal proceeding will be prejudicial to the defendant. Rather, the focus should be on whether the prejudice arising from evidence of prior crimes outweighs the probative value of such evidence.

Since *Collamore,* the federal courts have addressed the balance between evidence that is both probative and prejudicial by encouraging proof of a prior felony element through a redacted record, testimony by a clerk, stipulation, a defendant's affidavit or other similar technique whereby the jury is informed only of the fact of the prior felony conviction, but not of the nature or substance of the conviction. *United States v. Tavares,* 21 F.3d 1, 4 (1st Cir.1994), *appeal on remand on different issue,* 93 F.3d 10 (1st Cir.1996), *cert. denied,* 519 U.S. 955, 117 S.Ct. 373, 136 L.Ed.2d 263 (1996). In *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the United States Supreme Court refined the reasoning concerning a stipulation, holding that where a defendant offers to stipulate his status as a felon in a prosecution for being a felon in possession of a firearm, the trial court abuses its discretion under Rule 403 of the Federal Rules of Evidence by permitting the prosecution to introduce the full record of the defendant's prior felony conviction. The Supreme Court found that where the prior conviction was being used only to prove status, the introduction of the record for the prior conviction was more prejudicial than probative. *Id.* at 191, 117 S.Ct. at 656.

This court in *Sams v. State,* citing *Old Chief* with approval and noting the identical nature of Rule 403 of the Federal Rules of Evidence and Rule 403 of the

---

**5.** In *Mangum,* the defendant was convicted of a firearm possession charge as the first of five counts. At the defendant's request, the trial court bifurcated the other four issues and tried this count separately. On appeal, the defendant argued that the trial court erred by failing to sever the "felon" element from the "possession" element. The D.C. Circuit disagreed and upheld the trial court's decision.

**6.** In addition to being charged with firearm possession, the defendant in *Birdsong* was charged with intent to distribute and possession of a firearm during and in relation to a drug trafficking crime. He was acquitted on the latter two charges.

**7.** The defendant in *Jacobs* was only charged with firearm possession.

Indiana Rules of Evidence, held that the trial court abused its discretion when it admitted into evidence the defendant's entire driving record to prove that his license had been suspended. 688 N.E.2d 1323 (Ind.Ct.App.1997), *trans. denied* (1998). The trial court, although noting it was extending the holding of *Old Chief,* followed the Supreme Court's reasoning and found that, because the defendant was willing to admit to the suspension, the probative value of the driving record, which contained many serious driving offenses, was substantially outweighed by the danger of unfair prejudice to the defendant. *See also Herrera v. State,* 710 N.E.2d 931 (Ind.Ct.App.1999) (agreeing with the reasoning in *Sams* and *Old Chief,* but finding the facts distinguishable).

As these cases reveal, the trial court in exercising its discretion under Ind. Evidence Rules 403 and 611 can mitigate the prejudicial effect of evidence of a prior conviction by excluding evidence regarding the underlying facts of the prior felony and limiting prosecutorial references thereto. We hold that the trial court did not err in denying Spearman's request for bifurcation in this case. Here, the probative value of the evidence is essential to the proceeding and any prejudice to Spearman was minimized by allowing him to stipulate to the fact that he was convicted of the underlying felony of criminal confinement.

In this appeal, Spearman does not assert that his substantive due process rights were violated by the legislature's decisions to refer to the designated group of felonies as "serious violent felonies" and to the crime as possession by a "serious violent felon." We reserve such issue for another day. Nevertheless, while we hold that the

element of the prior felony cannot be bifurcated from the possession element in a prosecution under IC 35–47–4–5, we are at the same time mindful of the prejudice that may arise in a jury trial when a defendant is identified and repeatedly referred to as a "serious violent felon." We urge trial courts to be attentive to this potential for prejudice and to exercise their discretion in crafting instructions and referring to the prior felony in ways which minimize the potential for such prejudice.[8]

Affirmed.

FRIEDLANDER, J., concurs.

DARDEN, J., concurs in part and dissents in part with separate opinion.

DARDEN, Judge, concurring in part and dissenting in part.

I would respectfully disagree with the majority's interpretation of the statute. I believe that without bifurcation, the statute is unconstitutional as applied in this case. Because the accused is clothed with a presumption of innocence, it is antithetical to our system of jurisprudence to label one accused of a crime as a "serious violent felon" during proceedings to determine guilt. By labeling the accused a "serious violent felon"[9] from the outset and for the duration of the proceedings, it is a likelihood—almost a certainty—that the jury will lose sight of the statute's foundational elements: whether the accused knowingly or intentionally possessed a firearm. *See* Ind.Code § 35–47–4–5.

The statute, as construed by the majority, lessens the State's burden at trial by labeling the accused a "serious violent felon," thereby vitiating the presumption of innocence. By labeling Spearman from the outset, the jury was invited to engage

---

8. For example, trial courts may determine to reference the predicate felony as one "enumerated under IC 35–47–4–5" rather than as a "serious violent felony."

9. The majority acknowledges the potential for prejudice and urges that trial courts exercise discretion by crafting instructions that refer

to the prior felony conviction as one listed within the statute; however, that was not done in the present case. Repeatedly exposing the jury to information and evidence of the prior conviction denied Spearman the presumption of innocence.

in forbidden inferences that Spearman was not credible and had a propensity to commit crimes, in particular serious violent crimes. A statute that strips an accused of the presumption of innocence is unconstitutional. *See Herrera v. Collins,* 506 U.S. 390, 398–99, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (constitutional provisions for, *inter alia,* right to confront witnesses, right to compulsory process, right to effective assistance of counsel, right to jury trial, and requirement that prosecution prove guilt beyond a reasonable doubt all in place to "make it more difficult for the State to rebut and finally overturn the presumption of innocence which attaches to every criminal defendant.").

That the legislature could not intend such a result is obvious to me. "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 1911, 146 L.Ed.2d 902 (2000) (quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 29 S.Ct. 527, 53 L.Ed. 836 (1909)). Through bifurcation we can avoid the grave constitutional questions that arise under the statute. As I.C. § 35–47–4–5 was applied to Spearman, he lost the constitutional right to be presumed innocent. *See Herrera v. Collins,* 506 U.S. at 398, 113 S.Ct. 853 (person first charged with a crime entitled to presumption of innocence and proof beyond a reasonable doubt).

In my view, evidence of the predicate elements must be presented to the jury before it is informed of the accused's status as a serious violent felon. If the jury determines that the evidence is sufficient to establish beyond a reasonable doubt that the accused knowingly or intentionally possessed a firearm,[10] then, as in the case of habitual offender enhancement, the jury would be informed of the second portion of the proceedings. In that manner, the accused's right to the presumption of innocence will not be trammeled by references to a previous serious violent felony conviction, as occurred here.

The majority reasons that possessing a firearm would not be a crime absent the "serious violent felon" element. However, it is also true that absent the predicate elements of knowingly or intentionally possessing a firearm, it is not a separate offense to be a "serious violent felon." The majority's decision alters the focus of our system of justice. The majority focuses on the State's right to present, and the jury's right to hear, evidence as to all elements. One need not look beyond the Indiana Rules of Evidence to observe the firmly entrenched proposition that many forms of evidence are withheld from a jury's consideration simply because the evidence is too prejudicial or irrelevant to the ultimate issue. The constitutional rights of the accused are paramount in proceedings to determine guilt.

While it is true that the evidence as to the "serious violent felon" status would be necessary to prove the crime, there is no reasonable justification for tainting the entire proceedings with references to and evidence of that element *prior* to a determination on the predicate elements. To do so robs the accused of the presumption of innocence and, contrary to our system of justice, impermissibly shifts the burden to the accused to present evidence to overcome the label.

**10.** In *Hatchett v. State,* 740 N.E.2d 920 (Ind. Ct.App.2000), the court noted that the prohibition against carrying a *handgun* is more specific than a prohibition for possession of a *firearm.* The *Hatchett* court explained that handgun and firearm are not coterminous. We note that the instruction Spearman tendered with his argument for bifurcation was patterned after the statute proscribing carrying a handgun, Ind.Code § 35–47–2–1. The carrying a handgun statute lists excepted circumstances that would be inapplicable to the unlawful possession of a firearm component of the present charge. However, the instruction can be transformed to require the jury to deliberate on the unlawful possession component before it is informed of the serious violent felony conviction.

Spearman's contention with regard to bifurcation rests, in part, upon Ind. Trial Rule 42. Subsections (B) and (C) of the rule are particularly relevant:

(B) **Separate trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury.

(C) **Submission to Jury in Stages.** The Court upon its own motion or the motion of any party for good cause shown may allow the case to be tried and submitted to the jury in stages or segments including, but not limited to, bifurcation of claims or issues of compensatory and punitive damages.

T.R. 42. To avoid damage to the presumption of innocence, the jury should not have been exposed to information that Spearman was a convicted serious violent felon before it deliberated on the predicate elements of knowingly or intentionally possessing a firearm. Thus, Spearman demonstrated good cause for bifurcation.

In the context of explaining the rationale for the bifurcation requirement when a defendant is charged as an habitual offender, our supreme court stated:

Evidence of prior convictions "is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused but, if effective at all, could serve only to prejudice or mislead or excite the minds and inflame the passions of the jury." In *Lawrence* [*v. State*, 259 Ind. 306, 286 N.E.2d 830 (1972)] we concluded that any state interest in having the prior conviction evidence heard in the same phase as evidence of the felony is outweighed by the injustice to a defendant from a jury determining his guilt or innocence with knowledge of his prior conviction.

In *Shepler* [*v. State*, 274 Ind. 331, 412 N.E.2d 62, 69 (1980) ], we explained the rationale underlying the bifurcation requirement: "The purpose of ... bifurcated proceeding[s] is to prevent the jury from being tainted by knowledge of the defendant's prior felony convictions, in determining his guilt or innocence of the charge before them." By separating the consideration of prior convictions from the jury's initial guilt/innocence determination, the defendant is provided a fair and impartial jury to determine his guilt or innocence on the underlying felony charge.

*Shelton v. State*, 602 N.E.2d 1017, 1019 (Ind.1992) (some citations omitted). The court explained that the rationale has been extended beyond habitual offender statutes and applied to statutes that require charge elevation based upon a prior conviction. *Id.* at 1019–20.

The rationale should apply with equal force to crimes wherein a prior conviction is an element of the offense. The serious violent felon statute is rife with the potential for jurors to focus on the defendant's status as someone who has committed other crimes. Endemic in the statute, and specifically as applied in this case, is the fact that the defendant already has been convicted of at least one other crime, that the crime was a felony, and that the crime was both serious and violent.

In Spearman's case, the jury was told numerous times throughout the proceedings that he previously had been convicted of a serious violent felony. The record discloses that information with regard to the previous conviction permeated the proceedings from the charging information and preliminary instructions to final instructions.[11] Cf. *Thompson v. State*, 690 N.E.2d 224, 236–37 (Ind.1997) (determin-

---

11. The record of proceedings does not contain voir dire; thus, we cannot determine whether the jury was informed of the previous conviction even before being impaneled.

ing that defendant did not receive a fair trial when extensive inadmissible evidence of a prior crime was presented to the jury); *but see Leach v. State*, 699 N.E.2d 641, 643 (Ind.1998) (determining that reference to habitual offender charge during voir dire was improper and prejudicial; but evidence of guilt was overwhelming so reference did not deny defendant a fair trial).[12]

It is inconceivable that under the circumstances of this case the jury was able to keep discrete the knowledge of Spearman's prior conviction for a serious violent felony from its determination of whether he possessed a firearm. Conflicting evidence was presented as to Spearman's knowledge and possession of the gun, as well as his ability to control the gun found in the trunk of a car he did not own. *Cf. Sanders v. State*, 724 N.E.2d 1127, 1133 (Ind.Ct.App.2000) (because credibility of witnesses was only issue, attempt to bolster State's witnesses by portraying prosecutor as pursuer of justice was impermissible). Absent bifurcation, the accused is doubly damaged. By bombarding the jury with information that Spearman was a convicted serious violent felon, the jury was invited to engage in forbidden inferences that Spearman was not credible and had a propensity to commit serious violent crimes, thereby denying Spearman any real ability to present a defense, and lessening the State's burden to present evidence beyond a reasonable doubt on the current offense.

Additionally, absent bifurcation, a defendant may be forced to choose to forgo the right to a jury trial in an effort to minimize the damage to the presumption of innocence incurred by informing a jury of prior convictions for serious violent felonies. *See People v. District Court, Denver*, 953 P.2d 184 (Colo.1998) (holding prosecution's unqualified right to oppose jury waiver abrogated where defendant sought waiver of jury trial so that his prior convictions for felony menacing and possessing a firearm as a convicted felon would not be presented to jury).

The majority suggests ways to lessen the impact of the evidence of a prior conviction for a serious violent felony. I believe that in order to preserve the accused's presumption of innocence and ability to present a defense, bifurcation is the answer. Even if precautions are taken to lessen the impact of the evidence, *any* evidence of a previous conviction that does not bear upon the accused's guilt in the new proceeding is unnecessary and may taint the proceeding.

As noted by the majority, the tactical considerations for presentation of evidence of prior convictions were explored in *Old Chief v. United States*, 519 U.S. 172, 174, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). There, the Court concluded that a district court abused its discretion by rejecting the defendant's offer to stipulate as to the matter of a prior conviction "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.* Relying upon *Old Chief*, this court in *Sams v. State*, 688

---

12. Citing *Thompson*, 690 N.E.2d at 233–34, the court in *Leach* stated that the defendant's "prior habitual criminal history should not have been referenced unless directly relevant to an issue in the guilt phase of the case." *Leach*, 699 N.E.2d at 643. In *Thompson*, the evidence of the other crime was relevant but inadmissible under the trial rules. There is no issue here that Spearman's criminal confinement conviction would have been otherwise relevant or admissible in the guilt phase of a trial for unlawful possession of a firearm. Furthermore, Spearman presented a plausible defense in that he denied possession of the gun. The gun was discovered in a car driven to the scene by Spearman's friend. Spearman did not own the car in which the gun was discovered. Spearman's guilt became an issue of credibility for the jurors to determine. The State was necessarily relieved of much of its burden to produce evidence beyond a reasonable doubt that Spearman knowingly or intentionally possessed a firearm by the information that Spearman already had been convicted as a serious violent felon.

N.E.2d 1323 (Ind.Ct.App.1997), and in *Herrera v. State*, 710 N.E.2d 931, 936 (Ind. Ct.App.1999), explored the same considerations. In *Herrera*, we stated:

It is generally true that the prosecution is entitled to prove its case by evidence of its own choice, and a criminal defendant may not stipulate his way out of the full evidentiary force of the case to be presented against him. *Sams [v. State*, 688 N.E.2d at 1325] (based on *Old Chief*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574). However, this general rule has virtually no applicability where the point at issue is a defendant's legal status independent of the criminal conduct charged. *Sams*, 688 N.E.2d at 1325. Thus, when a defendant objects to the admission of evidence of the collateral misconduct which resulted in the legal status and offers to concede the legal status at issue, the risk of unfair prejudice flowing from the admission of the uncharged misconduct will necessarily outweigh its probative value. *Id.* at 1326. The *Old Chief* court held that, where defendant had offered to concede his status as a felon in a prosecution for being a felon in possession of a firearm, the trial court abused its discretion under Evid.R. 403 by permitting the prosecution to introduce the full record of Old Chief's prior felony conviction. 519 U.S. at 190–94, 117 S.Ct. at 655–56. Similarly, in *Sams*, we held that, where defendant offered to stipulate that his operator's license had been suspended for life in a prosecution for driving while suspended for life, the trial court abused its discretion under Evid.R. 403 by permitting the State to introduce defendant's entire driving record. 688 N.E.2d at 1325–26.

*Herrera*, 710 N.E.2d at 936.

Although Spearman stipulated to the evidence of his prior conviction for a serious violent felony, any tactical advantage was obliterated by the repetitive and pervasive use of the label "serious violent felon" throughout the proceedings. Under the circumstances, he was denied the ability to present a defense or maintain his innocence. *Cf. Lloyd v. State*, 448 N.E.2d 1062, 1068 (Ind.1983) (introduction of evidence, even if error, was harmless in that it did not constrict his counsel in his choice of defense tactics). The conundrum can be avoided through bifurcation.

In short, bifurcation is practical and should be required when a defendant is charged with knowingly or intentionally possessing a firearm as a serious violent felon, even though the previous conviction for a serious violent felony is an element of the charge. I acknowledge that in the federal setting, bifurcation has been rejected in the context of the federal statute proscribing possession of a firearm by a felon.[13] *See, e.g., United States v. Barker*, 1 F.3d 957, 959 (9th Cir.1993) (bifurcation of possession of firearm and the evidence of prior convictions not allowed when prior convictions constitute element of offense), opinion modified on denial of reh'g 20 F.3d 365 (9th Cir.1994); *but see United States v. Tavares*, 21 F.3d 1, 4 (1st Cir.1994), appeal after remand, 93 F.3d 10 (1st Cir. 1996) (limiting decision in *United States v. Collamore*, 868 F.2d 24 (1st Cir.1989), the *Tavares* court noted that it is generally inappropriate to give information beyond the existence of a previous conviction even though the conviction is an element of the new offense). However, Indiana is free to provide protections under Indiana's Constitution in addition to those prescribed by the federal constitution. *See Richardson v. State*, 717 N.E.2d 32, 48–50 (Ind.1999) (Indiana Constitution provides double jeopardy protections in addition to those under United States Constitution).

Although the evidence here was conflicting, the State presented testimony that Spearman brandished a gun and placed

---

**13.** As noted, our statute refers to the prior conviction as "serious" and "violent." The additional emphasis on the accused's prior bad behavior provides a more compelling reason to bifurcate the proceeding.

the gun in the trunk of the car. Accordingly, double jeopardy principles would not be offended by a retrial of Spearman for the instant offense. I would reverse Spearman's conviction and order a new trial.[14]

---

14. I also note that the deputy prosecutor's closing argument mentioned that Spearman did not present as a witness the owner of the car in which the gun was found. The deputy prosecutor suggested that the owner could have bolstered Spearman's contention that the gun did not belong to him, and that he did not know of its presence in the borrowed car. It is error to suggest that a defendant has a burden to present evidence in his defense. *See Wright v. State*, 690 N.E.2d 1098, 1112 (Ind.1997) (holding defendant was not placed in position of grave peril based upon de minimis nature of impropriety, weight of evidence of guilt, and instructions on presumption of innocence). I believe this error contributes to the denial of Spearman's presumption of innocence.