## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2016, 5:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Courtney Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 19, 2016

Court of Appeals Case No.
27A05-1506-CR-619

Appeal from the Grant Circuit Court

The Honorable Mark E. Spitzer, Judge

Trial Court Cause No.
27C01-1402-FB-9

**Altice, Judge.**

### Case Summary

[1] Courtney Johnson appeals his conviction following a jury trial for Unlawful Possession of a Firearm by a Serious Violent Felon,[1] a Class B felony.[2] He presents two issues for review. First, he contends the conviction was not supported by sufficient evidence that he possessed the firearm in question. Second, he argues that the trial court abused its discretion by denying his request for a bifurcated proceeding with respect to this charge.

[2] We affirm.

## Facts & Procedural History

[3] On February 23, 2014, Marion Police Officer Kyle Griffith observed Johnson driving erratically and committing multiple traffic infractions. Officer Griffith ran the vehicle's plate number and learned that the license of the registered owner, Ricky Booker, was suspended. As Officer Griffith attempted to catch up to initiate a stop, Johnson quickly changed lanes and turned into an empty parking lot. Officer Griffith followed with his lights and siren activated.

[4] Officer Griffith approached Johnson, who was the driver and sole occupant of the vehicle. The officer immediately smelled the odor of raw marijuana emanating from the vehicle. He asked Johnson for his license, registration, and

[1] Subsequent references to serious violent felon will be shortened to SVF.

[2] Ind. Code § 35-47-4-5. Effective July 1, 2014, this offense was reclassified as a Level 4 felony. Because Johnson committed the offense prior to that date, it retains its prior classification as a class B felony

proof of insurance. Johnson provided his name but no documents and argued with the officer about the basis of the stop.

[5] Officer Griffith returned to his police vehicle and radioed in Johnson's name and a request for backup due to Johnson's demeanor and the odor of marijuana. Once informed that Johnson's license was suspended, the officer initiated an arrest for driving while suspended by asking Johnson to step out of the vehicle. Johnson refused and tried to put the key back in the ignition. Officer Griffith grabbed Johnson's hand, and the keys fell. Johnson then shoved Officer Griffith, forcing the officer to take several steps backward.

[6] Officer Griffith drew his taser and ordered Johnson to exit the vehicle and put his hands behind his back. Johnson stepped out and continued arguing. Despite repeated commands, Johnson refused to turn around and place his hands behind his back. When Johnson stepped aggressively forward, the officer fired his taser. After a bit of thrashing around and refusing orders to go to the ground, Johnson pulled the taser's probes from his chest and charged at the officer. Johnson forcefully shoved Officer Griffith and then took off running. Johnson was eventually brought down by the officer's canine. Johnson, however, continued to struggle and refuse orders. Officer Griffith struck Johnson, who finally surrendered and was placed under arrest.

[7] A search of the vehicle resulted in the discovery of a loaded handgun directly beneath the driver's seat. Several plastic baggies containing approximately

sixty-eight grams of marijuana, a baggie containing a small amount of cocaine, a digital scale, and cash were also recovered from Johnson's person.

[8] Booker, the registered owner of the vehicle, had sold the vehicle in question to Johnson on February 14, 2014 for about $800 cash. Booker left the license plate on the car and, aside from giving Johnson the title to the vehicle within a week of the purchase, he took no steps to legally transfer title. Booker testified at trial that he cleaned out his car before the sale and removed all of his personal property. Booker testified further that he did not own the firearm found at the time of Johnson's arrest.

[9] Following a two-day, bifurcated jury trial, Johnson was convicted of Class B felony unlawful possession of a firearm by an SVF, Class D felony possession of marijuana, and Class D felony possession of cocaine, as well as driving while suspended, battery, and two counts of resisting law enforcement, all as Class A misdemeanors. The first phase of trial involved all charges except the SVF charge. Johnson requested that the second phase of the trial—the portion involving the SVF charge—be split into two parts. Specifically, he wanted the jury to decide whether he possessed the handgun before receiving evidence regarding whether he had a prior conviction qualifying him as a serious violent felon. The trial court denied this request. Johnson was sentenced to an aggregate term of twenty years in prison. On appeal, Johnson challenges only his conviction for unlawful possession of a firearm by an SVF.

## Discussion & Decision

## Sufficiency of the Evidence

[10]    Johnson challenges the sufficiency of the evidence regarding his possession of the firearm. When reviewing a challenge to the sufficiency of the evidence, we do not reweigh evidence or judge the credibility of witnesses. *Duncan v. State*, 23 N.E.3d 805, 812 (Ind. Ct. App. 2014), *trans. denied*. Instead, we consider only the evidence and the reasonable inferences supporting the verdict. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have found the defendant guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Id*. Further, a conviction may be based on circumstantial evidence, and it is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Boggs v. State*, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), *trans. denied*.

[11]    In order to convict Johnson of unlawful possession of a firearm by an SVF, the State was required to establish that Johnson was an SVF who knowingly or intentionally possessed a firearm. *See* I.C. § 35-47-4-5. He does not challenge the sufficiency of the evidence with respect to the SVF determination. His sole contention is that the State failed to establish that he knowingly or intentionally possessed the firearm in question.

[12]    It is well established that possession of an item may be either actual or constructive. *See Massey v. State*, 816 N.E.2d 979, 989 (Ind. Ct. App. 2004). Constructive possession, applicable in this case, occurs when a person does not have direct physical control over the item but has "the intent and capability to

maintain dominion and control over the item." *Id*. (quoting *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999)).

[13] To prove the intent element, the State must demonstrate the defendant's knowledge of the presence of the contraband. *Massey*, 816 N.E.2d at 989. This may be inferred from either the exclusive dominion and control over the premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge.[3] *Massey*, 816 N.E.2d at 989. The capability requirement is met when the State shows that the defendant is able to reduce the contraband to the defendant's personal possession. *Id*.

[14] Johnson does not argue that he did not have the capability to maintain dominion and control over the firearm. Rather, his argument focuses only on the intent element.

[15] The evidence viewed in the light most favorable to the State establishes that this is a case of exclusive dominion and control. Johnson was the driver, owner, and sole occupant of the vehicle at the time of his arrest. *See Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984) ("Appellant's undisputed control over his own vehicle for four days is sufficient to establish exclusive dominion and control");

---

[3] These additional circumstances may include: 1) incriminating statements by the defendant; 2) attempted flight or furtive gestures; 3) proximity of the contraband to the defendant; 4) location of the contraband within the defendant's plain view; and 5) the mingling of contraband with other items owned by the defendant. *Deshazier v. State*, 877 N.E.2d 200, 206 (Ind. Ct. App. 2007), *trans. denied*.

*Parson v. State*, 431 N.E.2d 870, 872 (Ind. Ct. App. 1982) (defendant was the lessee, driver, and sole occupant of the motor home, so despite testimony that another person had access to the vehicle earlier, "the jury could reasonably conclude that the motor home had been reduced to [his] exclusive possession for longer than a brief period of time before the search, thereby supporting the inference that [defendant] had the requisite intent to maintain control and dominion over the handgun"). Further, Booker testified that the firearm did not belong to him and that he had removed all of his personal belongings from the vehicle before he sold it to Johnson nine days earlier. The jury had ample evidence to conclude that Johnson possessed the firearm found directly beneath the driver's seat of the car he owned and was driving in alone.

## Bifurcation

[16] Johnson contends that the trial court abused its discretion when it denied his motion to bifurcate the proceedings regarding the SVF charge. *See Russell v. State*, 997 N.E.2d 351, 354 (Ind. 2013) (a trial court's discretion regarding bifurcation of trial is subject to an abuse of discretion standard on appeal). He argues the jury should have been tasked first with determining whether he had committed the (non-existent) offense of unlawful possession of a firearm by knowingly possessing the firearm. According to Johnson, not until the jury had decided this question in the affirmative should it have been presented with evidence regarding whether he was an SVF.

This argument has been soundly rejected by our appellate courts, which have held that a defendant tried solely for an SVF charge is "not entitled to have the proceedings bifurcated in such a way that the jury would not hear of his prior felony conviction before it determined whether he was in possession of a firearm." *Hines v. State*, 801 N.E.2d 634, 635 (Ind. 2004). *See also Spearman v. State*, 744 N.E.2d 545, 547-48 (Ind. Ct. App. 2001), *trans. denied*. This is because the evidence of the prior conviction—establishing the legal status of the offender as an SVF—is an essential element of the crime. *See Spearman*, 744 N.E.2d at 547-48 ("the rationale for inadmissibility of prior convictions breaks down when the evidence of the prior conviction not only has the 'tendency' to establish guilt or innocence but also is essential to such determination"). The act—possession of a firearm—is illegal only if performed by one with this status. I.C. § 35-47-4-5 (making it unlawful for a person convicted of one of several enumerated felony offenses to knowingly or intentionally possess a firearm); *Spearman*, 744 N.E.2d at 548.

Here, the trial court properly bifurcated the proceedings in such a way that the jury decided Johnson's guilt on all the charges except the SVF charge in the first phase of trial. In the second phase, the jury decided his guilt on the SVF charge. This protected Johnson from unfair prejudice by insulating the jury, during the first phase, from any evidence of his prior felony conviction. *See Hines*, 801 N.E.2d at 635. Johnson's claim that the trial court abused its discretion by refusing to further split the trial for the SVF charge is without merit. Johnson was not exposed to unfair prejudice by the jury hearing all of

the evidence necessary to determine his guilt on the SVF charge in the second phase of trial. *See, e.g.*, *Spearman*, 744 N.E.2d at 547-48. *Cf. Russell*, 997 N.E.2d at 354 ("Had the trial court fully bifurcated the trial on the SVF charge from the trial on the murder charge, the trial court would have avoided instructing the jury on the non-existing offense of 'unlawfully' possessing a firearm."). Accordingly, we find no abuse of discretion.

[19] Judgment affirmed.

Robb, J. and Barnes, J., concur.