## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 09 2018, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana
Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Damon Blinks,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 9, 2018

Court of Appeals Case No.
49A02-1706-CR-1190

Appeal from the Marion Superior Court

The Honorable Alicia Gooden, Judge

The Honorable Richard Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1506-F4-21581

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Damon Blinks (Blinks), appeals his conviction for unlawful possession of a firearm by a serious violent felon (SVF), a Level 4 felony, Ind. Code § 35-47-4-5(c).

We affirm.

# ISSUE

Blinks raises one issue on appeal, which we restate as: Whether Blinks' conviction for unlawful possession of a firearm by a SVF is contrary to due process.

# FACTS AND PROCEDURAL HISTORY

At approximately 3:19 a.m. on June 17, 2015, Officer Larry Lanigan (Officer Lanigan) of the Indianapolis Metropolitan Police Department was dispatched to Castleton Square Mall in Indianapolis, Marion County, Indiana, to investigate a report of two people sleeping inside a black Toyota Solara in the mall's parking lot. The Toyota had a temporary paper plate, and when Officer Lanigan ran the plate through his computer, it did not belong to the black Toyota Solara.

Officer Lanigan observed two men in deep sleep. Officer Lanigan loudly banged on the vehicle to wake the men up. Officer Lanigan then asked Blinks why he was parked there, and Blinks stated that his vehicle had broken down and he was waiting for help to arrive. Blinks indicated that he did not possess

any identification and he provided Officer Lanigan with a fake name and date of birth. Because Blinks had failed to provide any identifying documents, Officer Lanigan ordered the men to step outside the vehicle so he could check the vehicle's VIN.

[6] Blinks exited and held his baggy shorts with his left hand. During a pat-down, Officer Lanigan felt something heavy inside Blinks' right pocket. Upon placing his hand on the object, Officer Lanigan believed it was a firearm. At that point, Blinks took off running toward the rear of the mall, and Officer Lanigan pursued him. Officer Lanigan radioed for assistance, and a K9 officer arrived. The K9 officer alerted the officers to Blinks' presence inside a dumpster behind the mall. Because Blinks was believed to be armed, a SWAT officer who was at the scene deployed tear gas into the dumpster. Moments later, Blinks climbed out of the dumpster and was apprehended. A firearm was recovered inside the dumpster, concealed beneath multiple bags of garbage.

[7] On June 19, 2015, the State filed an Information, charging Blinks with Count I, unlawful possession of a firearm by a SVF, a Level 4 felony;[1] Count II, resisting law enforcement, a Class A misdemeanor; and Count III, false informing, a Class B misdemeanor. On April 20, 2017, a jury trial was conducted. During the State's case-in-chief, the trial court informed the jury that the parties had

---

[1] Blinks had a prior conviction in 2014 for a Class B felony carjacking, which the State indicated was the predicate offense for the SVF charge.

"filed certain stipulations," including that at the time of his arrest, Blinks "was a person prohibited from possessing a firearm under Indiana law." (Tr. Vol. II, p. 111). At the close of the evidence, the jury found Blinks guilty of all three Counts. The jury was dismissed and the trial court set the matter for a sentencing hearing. At that time, the State requested the trial court to perform a plea colloquy to establish the qualifying conviction that would have made Blinks a SVF under Count I, asserting that Blinks still needed to formally waive his right to a jury trial on the determination of his SVF status. Following Blinks' admission that he had been convicted of a serious violent felony, and the State's establishment of the factual basis to the predicate SVF offense, the trial court determined that Blinks had waived his right to a jury trial on the determination of his SVF status.

[8] On May 8, 2017, the trial court conducted Blinks' sentencing hearing. The trial court sentenced Blinks to twelve years, with eight years executed in the Indiana Department of Correction and four years suspended, for unlawful possession of a firearm by a SVF; one year for resisting law enforcement; and 180 days for false informing. Blinks' sentences were to run concurrently.

[9] Blinks now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] On appeal, Blinks claims that the trial court committed fundamental error by finding him guilty of being a SVF. According to Blinks, the jury found him

guilty of unlawfully possessing a firearm but did not determine whether he was a SVF. Thus, Blinks argues that

> [t]he trial court proceeded as if [he] had waived his right to a jury on the SVF enhancement. The judge mistakenly informed Blinks his stipulation meant he waived jury (or even a bench trial) and would proceed to sentencing. Finally, the trial court found Blinks guilty of the SVF offense without advising Blinks of his [*Boykin*[2]] rights, without engaging in a colloquy with him regarding the factual basis offered by the State (as Blinks never agreed with the factual) and without even ascertaining that Blinks knowingly, voluntarily and intelligently wished to plead guilty to the offense.

(Appellant's Br. p. 11). Blinks now invites our court to reverse and remand for a new trial on the charge of unlawful possession of a firearm by a SVF. We decline Blinks' request.

[11] Blinks was charged with unlawful possession of a firearm by a SVF. That offense requires proof that "[a] [SVF] . . . knowingly or intentionally possesses a firearm." I.C. § 35-47-4-5(c). A SVF is defined, in relevant part, as a person who has been convicted of a serious violent felony in Indiana. I.C. § 35-47-45(a)(1)(A). "The legal status of the offender is an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status." *Spearman v. State*, 744 N.E.2d 545, 548 (Ind. Ct. App.

---

[2] *Boykin v. Alabama*, 395 U.S. 238 (1969), provides that a trial court may not accept a guilty plea without an affirmative showing that the defendant was informed of and intelligently and voluntarily waived his rights to the privilege against compulsory self-incrimination, to trial by jury, and to confront one's accusers. *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006).

2001), *trans. denied*. During the trial, Blinks—who was represented by counsel—stipulated to the jury that, at the time of his arrest, he "was a person prohibited from

possessing a firearm under Indiana law." (Tr. Vol. II, p. 111). In his testimony, Blinks further specified that he was convicted of carjacking in 2014. *See* I.C. § 35-47-4-5(b)(14) (listing carjacking as a serious violent felony offense). Thus, Blinks necessarily stipulated to the fact that he is a SVF.

[12] In *Bowens v. State*, 24 N.E.3d 426, 428 (Ind. Ct. App. 2014), following his conviction for unlawful possession of a firearm by a SVF, the defendant argued that the State had failed to prove his SVF status. Unlike in the present case, the defendant in *Bowens* specifically requested a bifurcated trial in order to prevent the jury from "hearing the term 'serious violent felon'" as it could be prejudicial. *Id.* The trial court denied the defendant's request but did "remove all reference to the SVF label during trial in order to avoid prejudice." *Id.* The jury instructions were phrased to impart that he was barred from possessing a firearm without direct reference to his SVF status. *Id.* at 428-29. Furthermore, the defendant stipulated to the jury that he was "a person barred from possessing a firearm under Indiana Code [section] 35-47-4-5." *Id.* at 429. Despite the fact that his stipulation lacked the "the term SVF," our court found that the defendant had "stipulated to his SVF status and [could not] be heard to complain that the State failed to prove that status." *Id.* We reasoned that his admission that he was "barred from possessing a firearm under Indiana Code

Section 35-47-4-5" was no "different from [a] SVF." *Id.* Furthermore, the defendant "invited the language substitution by raising his request for bifurcation on the basis of possible prejudice, he agreed to the stipulation, and the State relied on the stipulation as an admission of the SVF element of the offense, which therefore relieved the State of presenting other evidence." *Id.*

[13] In the present case, there is no explicit reason provided as to why the stipulation was phrased as it was—although the trial court indicated that it was designed to avoid prejudice. Nevertheless, Blinks was charged under Indiana Code section 35-47-4-5 and stipulated to the fact that he was prohibited from possessing a firearm under that statute. Because he stipulated to his SVF status, the jury was charged with determining the remaining elements of the offense: that Blinks was knowingly or intentionally in possession of a firearm. *See Dugan v. State*, 860 N.E.2d 1288, 1292-93 (Ind. Ct. App. 2007) (stating that where a defendant stipulates to his status as a SVF, "the State is not required to prove that element"), *trans. denied*.

[14] We are perplexed by the procedural course of this case and by the appellate arguments raised by both parties.[3] Despite Blinks' argument to the contrary, and notwithstanding the procedural irregularity at the end of the jury trial regarding Blinks' purported waiver of a trial on his SVF charge, his trial was not

---

[3] The State concurs with Blinks that he was not adequately advised of his right to a jury trial or advised of his rights prior to entering a guilty "plea to his underlying status of being a [SVF]." (State's Br. p. 9).

bifurcated. There is no evidence in the record that Blinks even requested a bifurcation so that the jury could have first determined whether or not he was in possession of a firearm before, if necessary, proceeding to a second phase to determine his SVF status. *See Williams v. State*, 834 N.E.2d 225, 228 (Ind. Ct. App. 2005) (noting that, by bifurcating the trial to first determine whether the defendant knowingly or intentionally possessed the firearm before considering whether the defendant "committed a crime by possessing a firearm"—and instructing the jury that such procedure would be followed—our court stated that the trial court had "struck the proper balance between advising the jury that [the defendant] had indeed been charged with a firearm-related crime and avoiding identifying [the defendant] as a [SVF] from the outset of trial"); *but see Spearman*, 744 N.E.2d at 550 ("hold[ing] that the element of the prior felony cannot be bifurcated from the possession element in a prosecution under [Indiana Code section 35-47-4-5]," while also remaining "mindful of the prejudice that may arise in a jury trial when a defendant is identified and repeatedly referred to as a 'serious violent felon[,]' [urging] trial courts to be attentive to this potential for prejudice and to exercise their discretion in crafting instructions and referring to the prior felony in ways which minimize the potential for such prejudice" and further noting that prejudice to the defendant was minimized in this case "by allowing him to stipulate to the fact that he was convicted of the underlying felony" that predicated his SVF status). SVF status is not an enhancement; rather, it is one element of the offense of unlawful possession of a firearm by a SVF. Blinks stipulated to the SVF

element, and the jury, having determined the rest of the elements to be satisfied, found him guilty all in one phase. Thus, because Blinks did not waive his right to a jury trial or plead guilty to his SVF crime, there are no due process violations with respect to the requisite advisement of rights.

## CONCLUSION

Based on the foregoing, we conclude that Blinks' conviction for unlawful possession of a firearm by a SVF did not offend due process.

Affirmed.

Robb, J. concurs

Pyle, J. concurs in result with separate opinion

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damon Blinks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | Court of Appeals Case No.<br>49A02-1706-CR-1190 |

**Pyle, Judge concurring in result with opinion.**

[19] I concur with the result in my colleagues' opinion, but I write separately because I believe it is necessary to raise a warning about partial bifurcation in SVF cases. As my colleagues noted, the procedural posture of this case was irregular. Instead of requiring the State to present this case in a totally bifurcated manner, the trial court allowed this case to be partially bifurcated. Normally, in a case involving an SVF charge and other counts, a jury will hear evidence and render its' verdict on all counts except the SVF charge in phase

one of the trial. In the second phase, evidence concerning the defendant's prior conviction will then be presented. At the conclusion of the second phase, the jury, using evidence introduced in both phases, renders a verdict on the SVF charge. However, in this case, the jury was told that, in addition to the other crimes, it could convict Blinks of the fictitious crime of "unlawful possession of a firearm." The jury was also instructed that this crime was "defined by statute," and that to convict Blinks the State must prove each element of the crime charged beyond a reasonable doubt. (App. Vol. II, Pg. 66, 70). Because this crime does not exist, neither instruction was true.

[20] While arguments involving judicial economy may support partial bifurcation, our Supreme Court has warned trial courts to exercise caution so as not to prejudice a defendant. *Russell v. State*, 997 N.E.2d 351 (Ind. 2013). In *Russell*, the Court affirmed an SVF conviction arising out of a partially bifurcated trial, but it did so because it deemed no prejudice had resulted to the defendant's selfdefense claim. My concern is that more trial courts are interpreting *Russell* as giving tacit permission to the partial bifurcation of SVF cases. In my humble opinion, to do so creates a form of legal sausage making that risks creating a mess. If bifurcation is to be required in SVF cases involving multiple alleged crimes, bifurcation should be total and without exception.