Claude Gene SMITHHART,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 65A05–9109–CR–285.[1]

Court of Appeals of Indiana,
First District.

May 11, 1992.

1. This case diverted by direction of the Chief Judge on 4/23/92.

William W. Gooden, Mt. Vernon, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Defendant-appellant Claude Gene Smithhart appeals his conviction for two counts of ownership or possession of a bomb,[2] Class C felonies. The sole issue he raises is whether the trial court erred by refusing to instruct the jury that possession of fireworks was an included offense of ownership or possession of a bomb.

## FACTS

On February 16, 1991, Smithhart watched his nephew Tim Baier cut a piece of plastic pipe into small sections, cap it, and drill a hole in one end. Smithhart then poured gun powder into the container and Baier affixed a rocket igniter, the type used by model rocket enthusiasts. They made a second device the same way. They detonated them at some local sand pits. Smithhart likened the explosion to that produced by "a big firecracker." *Record* at 786.

Shortly thereafter Baier purchased more gun powder and rocket igniters. Using a drill and soldering iron he borrowed from Smithhart, Baier fashioned a third device while at Smithhart's home, this one employing metal pipe. Later that day or the next morning Baier planted the device in the undercarriage of a truck belonging to a local business. When the driver of the truck put the vehicle in reverse, the device exploded. No one was injured.

Two charges of possession or ownership of a bomb were filed against Smithhart, as well as a third count of arson. Count I stemmed from the sand pit possession or ownership on February 16, 1991, and Count

II stemmed from the truck incident three days later. A jury convicted Smithhart of the two counts of possession or ownership of a bomb and acquitted him on the arson charge. The trial court sentenced Smithhart to four years' imprisonment on each count, to be served concurrently, with two years of each sentence suspended. Smithhart now appeals.

## DISCUSSION AND DECISION

Smithhart argues the trial court erred by refusing to instruct the jury that possession of fireworks is a lesser included offense of possession or ownership of a bomb.

A person who owns or possesses a bomb loaded with either explosives or dangerous gases commits a Class C felony. IND. CODE 35–47–5–8. "Bomb," however, is not defined. A person who possesses, transports, or delivers fireworks, except as authorized, commits a Class A misdemeanor. IND.CODE 22–11–14–2. "Firework" is defined as follows:

[A]ny composition or device designed for the purpose of producing a visible or audible effect by combustion, deflagration, or detonation. Fireworks consist of common fireworks and special fireworks. The following items are excluded from the definition of fireworks:

(1) Model rockets.

(2) Toy pistol caps.

(3) Emergency signal flares.

(4) Matches.

(5) Fixed ammunition for firearms.

(6) Ammunition components intended for use in firearms, muzzle loading cannons, or small arms.

(7) Shells, cartridges, and primers for use in firearms, muzzle loading cannons, or small arms.

IND.CODE 22–11–14–1. "Special fireworks," in turn, is defined as:

[F]ireworks designed primarily to produce visible or audible effects by combustion, deflagration, or detonation, including firecrackers containing more than one hundred thirty (130) milligrams

2. IND.CODE 35–47–5–8(2).

of explosive composition, aerial shells containing more than forty (40) grams of pyrotechnic composition, and other exhibition display items that exceed the limits for classification as common fireworks. *Id.*

When determining whether an instruction on a lesser included offense should be given, this court conducts a two-step inquiry. We first determine whether the lesser offense, here, possession of fireworks, is inherently or factually included in the greater offense, here possession or ownership of a bomb, by reviewing the statutes and the charging document. *Chanley v. State* (1991), Ind., 583 N.E.2d 126, 130. An offense is lesser and included if all of the statutory elements of the lesser offense are part of the statutory definition of the greater offense. *Id.* The second prong of the test asks whether there was evidence before the jury that the lesser included offense was committed. "This test hinges on whether a serious evidentiary dispute exists with respect to the element which distinguishes the greater from the lesser offense. The evidence must be such that the jury can conclude that the lesser offense was committed and the greater offense was not." *Id.*

The dispute in this case centers on the question of whether, for the purposes of lesser included offense analysis, the devices Smithhart possessed or owned were fireworks or bombs. An object is a "firework" if it is designed for the purpose of producing a visible or audible effect by combustion, deflagration, or detonation. IND.CODE 22–11–14–2. "Bomb," as we have said, is not defined. When construing statutes, we give words and phrases their plain, ordinary, and usual meaning unless some contrary purpose is clearly shown. *Marion County Sheriff's Merit Bd. v. Peoples Braodcasting Corp.* (1989), Ind., 547 N.E.2d 235, 237. Although the general rule is that we strictly construe penal statutes against the state, we will not construe them so narrowly as to exclude cases fairly covered. *Berry v. State* (1990), Ind.App., 561 N.E.2d 832. In common understanding, a "bomb" is "[a]n explosive weapon detonated by impact, proximity to an object, a timing mechanism, or other predetermined means, or [a]ny of various weapons detonated to release smoke, gas, pellets, poisons, or other destructive materials." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 149 (4th ed. 1969).

Smithhart argues possession of fireworks is a lesser included offense of possession of a bomb because "[i]t is impossible to imagine a "bomb loaded with explosives" which is not also "a device ... designed for the purpose of producing a visible or audible effect by combustion, deflagration, or detonation." *Brief of Appellant* at 10. We disagree.

Commonly understood, a "bomb" is an explosive device designed to release destructive material or force. The root concept is "destructive." Bombs are not used for non-destructive purposes. Fireworks, on the other hand, are not designed to destroy—they are designed to amuse and delight by producing visible or audible effects. Although bombs certainly produce visible or audible effects, that is not their primary purpose. It is precisely this element of purpose or design which distinguishes bombs from fireworks, and the statute defining "firework" makes this clear. A "firework" is a composition or device designed for the purpose of producing a visible or audible effect. Although we recognize fireworks can be destructive, they are not deliberately designed to be so, unlike a bomb.

The different purposes of fireworks and bombs compel our conclusion that possession of a firework is not a lesser included offense of possession of a bomb. All of the statutory elements of possession of a firework are not included in the statutory elements of possession of a bomb for the simple reason that the two objects, fireworks and bombs, serve completely different functions. The statutory elements for possession of fireworks are 1) possession 2) of a composition or device designed for the purpose of producing a visible or audible effect by combustion, deflagration, or detonation. The statutory elements for posses-

sion of a bomb are 1) possession 2) of an explosive device designed to release destructive materials or force. As our discussion above demonstrates, "designed for the purpose of producing a visible or audible effect" is wholly incompatible with "designed to release destructive materials or force." One is not a subset of the other. Therefore, neither is a lesser included offense of the other. Smithhart was not entitled to the lesser included offense instruction he sought.

This case concerns three devices. The first two are plastic tubes which were capped, filled with gunpowder, and detonated by remote control in some sand pits. The second of these was slightly more powerful than the first. The third device is a metal tube which was capped, filled with gunpowder, attached to a truck, and detonated by the truck's transmission being shifted into reverse gear. We agree with the trial court and rule that under the facts of this case, the devices Smithhart possessed or owned were not fireworks as a matter of law. They were designed and specifically constructed to release destructive force.

Smithhart's argument fails the second prong of the lesser included offense test as well. Contrary to his assertions, we find there is no serious evidentiary dispute on the matter of whether the devices he possessed or owned were fireworks or bombs.[3] Smithhart's only evidence that the devices he possessed were fireworks rather than bombs is his assertion during direct examination that the sound made upon detonation at the sand pit was like "a big firecracker." Saying something sounds like a big firecracker by no means makes it one, particularly when, as here, the statute provides an objective definition.

Further, we observe Smithhart himself referred to the devices as "bombs":

Q: How many, well this pipe bomb, that is what it was, right, a pipe bomb?

A: Right.

---

**3.** Smithhart offered no evidence regarding the nature of the metal device attached to the truck and does not challenge the conclusion it was a

*Record* at 784. It is evident Smithhart understood the devices in question to be pipe bombs, not fireworks.

Smithhart has failed to demonstrate a serious evidentiary dispute concerning the nature of the devices he possessed or owned. The state, on the other hand, proved the device Smithhart possessed was excluded from the objective category "fireworks." It presented the testimony of Roy Parker, an FBI explosive enforcement officer, who was of the opinion that the device exploded at the sand pit was at least "ten thousand times larger than a legal firecracker." *Record* at 734–35. The explosive power employed coupled with the devices' unique construction compel the conclusion that these devices were bombs.

The judgment of the trial court is affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.

"bomb." Rather, he challenges only the nature of the devices housed in plastic and detonated at the sand pit.