Kenneth David AUSTILL,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 87A01–0009–CR–296.

Court of Appeals of Indiana.

March 20, 2001.

Transfer Denied June 14, 2001.

Michael C. Keating, Keating, Bumb, Vowels, LaPlante & Kent, Evansville, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Thomas D. Perkin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Kenneth David Austill (Austill), brings this interlocutory appeal from the trial court's order denying his motion to dismiss a charge of possessing a bomb, a Class C felony. Ind.Code § 35–47–5–8(2).

We affirm.

## ISSUE

Whether the trial court erred by denying Austill's motion to dismiss his charge of possessing a bomb.

## FACTS AND PROCEDURAL HISTORY

On January 29, 1998, officers from the Indiana State Police Department, the Drug Enforcement Agency, and the Vanderburgh County Sheriff's Department executed a search warrant at the home of Austill's parents. During the execution of the search warrant, the officers searched inside two vehicles on the property and discovered firearms, ammunition, two electric blasting caps, wire, and a battery operated detonation switch. Austill was present and admitted that the items inside the vehicles belonged to him.

Austill was taken into custody, and on March 13, 1998, the State charged him with possession of a bomb, a Class C felony, Ind.Code § 35–47–5–8(2).

On May 3, 2000, Austill filed a Motion to Dismiss the Information, alleging that the facts stated in the Information failed to state an offense under Ind.Code § 35–47–5–8(2). On May 26, 2000, Austill's motion was denied.

On August 1, 2000, Austill filed a Petition to Certify Decision for Interlocutory Appeal. Austill's petition was granted and now he brings this interlocutory appeal.

## DISCUSSION AND DECISION

On appeal, Austill argues that, as a matter of law, a push button type, battery operated switch, connected by two (2) wires to two (2) electric blasting caps, does not constitute a bomb. Specifically, Austill contends that because he was not in possession of all the components necessary to constitute an explosive device, namely gunpowder or dynamite, the trial court erred by denying his motion to dismiss his charge for possession of a bomb. We disagree.

Ind.Code § 35–34–1–4(a) states as follows:

The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

It is the State's contention that the trial court properly denied Austill's Motion to Dismiss because he failed to establish, as a matter of law, that the two electric blasting caps, wire, and a battery operated detonation switch do not constitute a bomb. Generally, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true. *State v. D.M.Z.*, 674 N.E.2d 585, 587 (Ind.Ct.App.1996), *trans.*

*denied.* Furthermore, in *Taylor v. State,* 677 N.E.2d 56, 67 (Ind.Ct.App.1997), *trans. denied,* this court held that:

The purpose of an information is to guarantee certain protections to the criminally accused. First, the charging document must set forth the elements of the offense charged in order to apprise the defendant with reasonable certainty of the accusation against him. Second, the offense charged must be described with sufficient particularity to permit a defense of double jeopardy in the event of a subsequent prosecution.

*Id.* (citations omitted). Finally, in reviewing a motion to dismiss, we apply the same standard as the trial court; that is, assuming the facts alleged in the information to be true, the charge will be dismissed if the facts do not constitute the offense charged. *State v. Heltzel,* 552 N.E.2d 31, 33 (Ind. 1990).

Here, Austill's charging information reads as follows:

The undersigned, being first duly sworn upon his oath, deposes and says that on or about January 29, 1998 at 7022 Gardner Road, Chandler, in Warrick County, State of Indiana, Kenneth David Austill *did own or possess a bomb loaded with explosives, to-wit: two (2) electric blasting caps with wire and a battery operated switch,* contrary to the form of the statutes in such cases made and provided by I.C. 35–47–5–8(2) and against the peace and dignity of the State of Indiana.

(R. 6, emphasis supplied).

At the time the State charged Austill with possession of a bomb, the statute criminalizing the possession of a bomb read as follows:

A person who owns or possess:

a machine gun; or

a bomb loaded with either explosives or dangerous gases;

commits a Class C felony. Ind.Code § 35–47–5–8.

■ "Bomb," however, was not defined under the 1998 legislation. When construing statutes, we give words and phrases their plain, ordinary, and usual meaning unless some contrary purpose is clearly shown. *Smithhart v. State,* 591 N.E.2d 149, 151 (Ind.Ct.App.1992). Although the general rule is that we strictly construe penal statutes against the State, we will not construe them so narrowly as to exclude cases fairly covered. *Id.* In common understanding, a "bomb" is:

a projectile or other *device carrying an explosive charge* fused to detonate under certain conditions (as upon impact or through a timing contrivance) and that is hurled (as by a mortar), dropped (as from an aircraft), or merely set into position at a given point (as dynamite) with varying effects (as concussion, or fire-flinging, or the release of gases) depending upon the type used.

Webster's Third New International Dictionary of the English Language Unabridged 249 (4th ed.1976) (emphasis supplied).

At the time Austill was charged with possession of a bomb, Indiana case law noted that as "[c]ommonly understood, a 'bomb' is an explosive device designated to release destructive material or force." *Smithhart,* 591 N.E.2d at 151. Moreover, in 1926, our supreme court stated that:

we learn from authorities on that subject that dynamite caps are small tubes of copper, open at one end, partly filled with a composition of which the principal ingredient is fulminate of mercury, that will explode when touched by flame from a burning fuse or charge of electricity. And that they are used as 'detonators'... The term 'detonator' is used in the publications of the Bureau of Mines

to designate what the miners call a 'blasting cap'—a copper capsule containing a small quantity of some detonating compound that is ignited by a fuse.

*Smith v. State,* 197 Ind. 189, 150 N.E. 49, 50 (1926) (citations omitted).

In common understanding, a "detonator" is "a device (as a blasting cap) used for detonating a high-explosive charge; *an explosive* (as mercury fulminate) that is more sensitive to heat or shock than the common high explosives and is used in small quantity to detonate another explosive." Webster's Third New International Dictionary of the English Language Unabridged 617 (4th ed.1976) (emphasis supplied).

Therefore, a "blasting cap" is an explosive device, carrying an explosive charge, containing a small quantity of some explosive, designed to release destructive force and used to detonate another explosive. Moreover, an Indiana State Police Supplemental Case Report, contained in the Record, affirms our understanding of a "blasting cap." The Report provides in pertinent as follows:

> Also recovered in the bag was a push button type switch with two (2) connector wires and a battery source. This switch is capable of being a power source for the detonation of blasting caps, which would also allow for the detonation of other cap sensitive explosive material. *The stand alone electric blasting caps contain explosive material sheathed in the metal cap.* When detonated[,] blasting caps can cause serious bodily injury from the fragmentation of the metal cap, and in some cases injuries may result in death.

(R. 31, emphasis supplied).

■ Thus, we find that the blasting caps, together with two connector wires and a battery operated detonating switch, was sufficient evidence to charge Austill with possession of a bomb, under Ind.Code § 35–47–5–8(2). Consequently, the trial court properly denied Austill's Motion to Dismiss.

■■ Nevertheless, the burden still remains upon the State to prove beyond a reasonable doubt that Austill possessed a bomb. Generally, the State bears the burden to prove every element of an offense. *Elliott v. State,* 435 N.E.2d 302, 304 (Ind. Ct.App.1982). This burden is placed on the State as part of the constitutional presumption that a defendant is innocent until proven guilty. *Bardonner v. State,* 587 N.E.2d 1353, 1360 (Ind.Ct.App.1992), *trans. denied.*

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied Austill's motion to dismiss his charge of possessing a bomb.

Affirmed.

ROBB, J., and DARDEN, J., concur.