**Michael R. BAYES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 17A03–0203–CR–79.**

Court of Appeals of Indiana.

Nov. 27, 2002.

Transfer Denied Jan. 16, 2003.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

On February 1, 2001, Appellant–Defendant Michael R. Bayes ("Bayes") was charged by Information with Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony.[1] Following a jury trial held on December 19, 2001, Bayes was found guilty. On January 17, 2002, Bayes was sentenced to serve ten years in prison. We affirm.[2]

### Issues

Bayes raises three issues on appeal:

I. Whether there was a material variance between the offense charged by Information and the evidence adduced at trial;

II. Whether the trial court erroneously published a transcript to the jury that was not properly redacted; and,

III. Whether references to Bayes as a "serious violent felon" denied him a presumption of innocence.

### Facts and Procedural History

On September 10, 1982, Bayes was convicted of Arson, a Class B felony. On July 21, 2000, Bayes wrote a check for $150.00 to Lyle Lanning ("Lanning") and received a shotgun with a scope in return ("Mossberg shotgun"). Bayes, his stepson, and Lanning, were present during this transaction.

On August 20, 2000, DeKalb County Sheriff's Deputy, Terry Wilcox ("Deputy Wilcox") spoke to Bayes' wife, formerly known as Susan Bayes, now Susan Hoffman, ("Hoffman") regarding domestic problems between Bayes and Hoffman. The next day, following the entry of a protective order against Bayes,[3] and at the request of Hoffman, Deputy Wilcox removed twelve to fourteen firearms from a gun cabinet in the couple's home, including the Mossberg shotgun.

In November of 2000, Lanning filed a complaint with the DeKalb County Sheriff's Department ("Sheriff's Department") alleging that Hoffman stole a shotgun from him. Hoffman responded that Bayes purchased the shotgun in question from Lanning with a personal check drawn on the couple's joint checking account. Later that month, the Sheriff's Department received a certified copy of Bayes' previous conviction for Arson, as a Class B felony. Thereafter, on February 1, 2001, the State charged Bayes with unlawful possession of a firearm. Specifically, the Information charged Bayes with "knowingly and intentionally possess[ing] a firearm to wit: a Mossberg, Model # 695, 12 ga. Shotgun with serial # M017202, while having a Serious Violent Felony conviction in the State of Indiana for Arson ..." (App.6.)

At trial, several witnesses testified that Bayes handled the Mossberg shotgun. In

---

1. IND.CODE § 35–47–4–5(a)(1)(A) and (b)(14) and (c).

2. Oral argument was held at Vincennes University on October 8, 2002.

3. The protective order was apparently ordered by the trial court that had jurisdiction over the couple's dissolution proceedings, which commenced prior to the actions of Deputy Wilcox. (Tr. 203).

Bayes' testimony he admitted that the Mossberg shotgun was in his house, but denied that he ever held it. The jury found Bayes guilty of Unlawful Possession of a Firearm by a Serious Violent Felon, a Class B felony. Bayes appeals his conviction.

### Discussion and Decision

#### I. Material Variance

Bayes argues that there was a material variance between the State's Information and the evidence admitted at trial. Specifically, Bayes asserts that the State's Information charged Bayes with possession of a "Mossberg, Model # 695, 12 ga. Shotgun with serial # M017202[,]" yet the evidence at trial showed only that he possessed a Mossberg shotgun. (App.6.) Bayes contends that the evidence at trial lacked the specificity found in the State's Information and as such created a material variance that leaves him vulnerable to future prosecution involving the same events, facts, and evidence.

#### Rule of Law

■ A charging information must allege the elements of the crime such that the accused is sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial. *See* IND. CONST. Art 1, § 13; IND.CODE § 35–34–1–2; *Winn v. State*, 748 N.E.2d 352, 356 (Ind.2001). However, the State is not required to include detailed factual allegations in the charging instrument, though it may choose to do so. *Richardson v. State*, 717 N.E.2d 32, 51 (Ind.1999). A variance is an essential difference between the charging instrument and the proof presented at trial. *Allen v. State*, 720 N.E.2d 707, 713 (Ind.1999). Yet, not all variances are material or fatal. *Id.* The test to determine whether a variance between the proof at trial and a charging information or indictment is fatal is as follows:

(1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

(2) will the defendant be protected in [a] future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Id.* (citing *Harrison v. State*, 507 N.E.2d 565, 566 (Ind.1987) (citations omitted)). Bayes asserts error on the double jeopardy grounds, arguing that he remains subject to the likelihood of another prosecution for Unlawful Possession of a Firearm by a Serious Violent Felon based upon possession of the same Mossberg shotgun at issue here.

#### Analysis

■ Bayes failed to object to any alleged variance between the State's Information and the evidence adduced at trial. Absent fundamental error, Bayes' failure to lodge a specific objection at trial waived any material variance issue. *See Hobson v. State*, 495 N.E.2d 741, 746 (Ind.Ct.App. 1986). Nevertheless, fundamental error based upon an assertion of double jeopardy should be determined on a case by case basis. *See Taylor v. State*, 717 N.E.2d 90, 96 n. 7 (Ind.1999).

Here, the evidence at trial possessed sufficient specificity to guard against the subsequent prosecution of Bayes for possession of the Mossberg shotgun. Specifically, Deputy Wilcox identified the Mossberg shotgun as one of the firearms he had removed from the couple's home. Further, Deputy Wilcox recognized the shotgun because "it's a deer slayer, [with a] deer slug rifle barrel and it's a Mossberg with a synthetic design." (Tr. 126.) Additionally, Lanning identified the Mossberg

shotgun (State's Exhibit 3), stating that it was the same firearm he had "pawned" to Bayes. (Tr. 140.) Lanning described the firearm as a "Mossberg 500 rifle, slug barrel, or slug gun" used for "deer huntin'." (Tr. 147.) Bayes' stepson also identified State's Exhibit 3 as being the same firearm that Bayes purchased from Lanning. (Tr. 168.) The aforementioned testimony adequately protects Bayes from subsequent prosecution for possession of the Mossberg shotgun.

## II. Admission of Evidence

■ Additionally, Bayes argues that the trial court erroneously published an exhibit ("State's Exhibit 4A") to the jury that had not been adequately redacted. State's Exhibit 4A was a transcript from a prior hearing, in which Hoffman had sought a protective order against Lanning. Bayes contends that testimony from Hoffman that she was afraid of him, and that he had threatened her with a gun, remained legible in State's Exhibit 4A despite the trial court's ruling that such testimony be redacted. However, failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal. *See Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000). A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Id.* Here, Bayes waived the issue of proper redaction when he failed either to inspect State's Exhibit 4A before it was published to the jury, or timely object to the testimony that remained unredacted.

## III. Serious Violent Felon

Lastly, we address Bayes' contention that repeated references to him as a "serious violent felon" by the trial court and prosecutor effectively denied him his due process right to the presumption of inno-

cence. However, because Bayes failed to lodge a timely objection at trial this issue is waived.

### Rule of Law

■ As a general rule, the failure to object at trial results in a waiver of the issue on appeal. *Benson v. State*, 762 N.E.2d 748, 755 (Ind.2002). A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind.2000). The fundamental error exception to this waiver rule is an extremely narrow one. *Mitchell v. State*, 726 N.E.2d 1228, 1236 (Ind.2000). To amount to fundamental error, the error must be a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Bostick v. State*, 773 N.E.2d 266, 271 (Ind.2002) (internal quotation and citation omitted); *see also Barany v. State*, 658 N.E.2d 60, 64 (Ind.1995) (defining fundamental error as error "so prejudicial to the rights of the defendant as to make a fair trial impossible").

### Analysis

■ As a person accused of a criminal offense, Bayes had a constitutional due process right to a fair trial. *See* U.S. CONST. AMENDS. V, XIV; IND. CONST. ART I, §§ 12, 13. Due process constitutionally clothed Bayes with a presumption of innocence. *See Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Given that use of the phrase "serious violent felon" *may* have caused fundamental error by impinging upon such due process rights, we turn to address the merits of Bayes' argument.

Here, during voir dire and closing, the trial court and prosecutor repeatedly referred to Bayes' conviction for a serious

violent felony and his status as a violent, or serious violent felon. Examples of these references include the following:

[Trial Court, addressing the jury pool]: This case is entitled the State of Indiana versus Michael R. Bayes and was started with the filing of an information alleging that Mr. Bayes committed the criminal offense of being in unlawful possession of a firearm by a serious violent felon. (Tr. 38.)

. . . .

[Prosecutor, during voir dire]: [Bayes] possessed the firearm while having a conviction of what Indiana defines is a violent felony. (Tr. 51.)

. . . .

[Prosecutor, during voir dire]: And if I prove beyond a reasonable doubt that he possessed a firearm and that he has a prior conviction for arson as a class B felony and the Judge instructs you that the law says arson as a class B felony is a violent felony under the statute, would you be willing to find him guilty? (Tr. 61.)

. . . .

[Prosecutor, during voir dire]: Uh, do you have a problem about it being against the law for somebody convicted of a violent felony, to have any kind of firearm. (Tr. 82.)

. . . .

[Trial court, addressing sworn jurors]: Omitting the formal parts, the Information reads as follows: . . . Bayes did knowingly and intentionally possess a firearm . . . while having a serious violent felony conviction . . . The statute defining the offense of unlawful possession of a firearm by a serious violent felon . . . reads as follows: A serious violent felon who knowingly possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a class B felony. (Tr. 103–04.)

. . . .

[Prosecutor, opening statement]: That's what I gotta prove, . . . that he has a conviction for a violent felony . . . (Tr. 108.)

[Prosecutor, closing statement]: Uh, the defendant, . . . admitted on the stand that he has a prior conviction for arson . . . So, he is a convicted violent felon. (Tr. 213.)

. . . .

[Trial court, final instructions]: The case . . . was commenced with the filing of an Information charging the Defendant with Unlawful Possession of a Firearm By a Serious Violent Felon, a Class B felony. (Tr. 226.)

Bayes argues that these references invited the jury to infer that he is of bad character, thereby depriving him of a presumption of innocence. Appellant's Brief at 11.

Evidence of prior convictions is generally inadmissible because such evidence " 'has no tendency to establish the guilt or innocence of the accused.' " *Spearman v. State*, 744 N.E.2d 545, 547 (Ind.Ct.App. 2001) (quoting *Lawrence v. State*, 259 Ind. 306, 310, 286 N.E.2d 830, 832 (1972)). However, Indiana Code section 35–47–4–5 provides in pertinent part as follows:

(a) As used in this section, "serious violent felon" means a person who has been convicted of:

. . . .

(c) A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony.

As such, under Indiana Code section 35–47–4–5, "[t]he legal status of the offender is an essential element of the crime, and the act—the possession—is illegal only if performed by one occupying that status."

*Spearman,* 744 N.E.2d at 548. A trial court can limit the "prejudicial effect of evidence of a prior conviction by excluding evidence regarding the underlying facts of the prior felony and limiting prosecutorial references thereto." 744 N.E.2d at 750.

Here, the underlying facts of Bayes' prior conviction for Arson, as a Class B felony, were not made known to the jury, evidence of the conviction was admitted on direct examination without objection, and Bayes himself admitted to having been convicted of the crime. Moreover, the State's multiple references to Bayes as a "serious violent felon" were accompanied by the following statements during voir dire:

> [Prosecutor, voir dire]: ... Uh, Ms. Freels, you have to understand that just because [Bayes] has a prior conviction for, well, he's charged with arson, a class B felony. You understand that doesn't make it any more likely or less likely that he possessed a gun? You understand if I prove that other part it doesn't necessarily mean that he did the second part of the charge?
>
> [Juror]: Yes.
>
> [Prosecutor, voir dire]: You're willing to keep that in mind and separate the two in your mind.
>
> [Juror]: Yes.

(Tr. 53.) This question was then similarly posed to the other jurors that made up the voir dire panel of jurors. Later in voir dire, the State again suggested to the jury that in order to convict it would need the requisite proof to establish a prior felony conviction *and* possession of a firearm.

> [Prosecutor, voir dire]: Okay. And you [juror] can't use the prior to decide whether or not he possessed a firearm. But I have to prove the prior conviction to show that it was against the law for him to possess a firearm.
>
> ....
>
> [Prosecutor, voir dire]: So you understand, it doesn't make him more or less guilty here today except that I've got to prove that [prior felony conviction] as part of my charge?

(Tr. 90.) These exchanges between the State and jury may or may not have sufficiently minimized the clearly prejudicial effect of the repeated references to Bayes' status as a "serious violent felon." Nevertheless, without a timely objection to allow the trial court to assess the prejudicial impact on the jurors at the time the status references were made, and in light of our Supreme Court's narrow definition of fundamental error, this Court is constrained to hold that the prejudice did not amount to fundamental error. In other words, absent a timely objection, we cannot say that the potential for the impermissible inference that Bayes was of bad character and as such possessed the Mossberg shotgun was substantial, and amounted to fundamental error.[4]

Affirmed.

BAKER and NAJAM, JJ., concur.

---

4. It is well established that the State bears the burden to prove every element of an offense. *Austill v. State,* 745 N.E.2d 859, 862 (Ind.Ct.App.2001). This burden is placed on the State as part of the constitutional presumption that a defendant is innocent until proven guilty. *Id.* To this end, we note that the prosecutor could have established the essential elements of Indiana Code § 35–47–4–5 without using the prejudicial status phrase of "serious violent felon." Specifically, the State needed to prove beyond a reasonable

doubt that Bayes had been 1) convicted of Arson as a Class B felony; and, 2) knowingly or intentionally possessed a Mossberg shotgun. *See* IND.CODE § 35–47–4–5(b)(14) & (c).

Moreover, "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." *Spearman*, 744 N.E.2d at 551 (Darden, J., dissenting) (citing *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.*, 213 U.S. 366, 29 S.Ct. 527, 53 L.Ed. 836 (1909))). As indicated by the majority in *Spearman*, such doubtful constitutional questions can be avoided when applying Indiana Code section 35–47–4–5 by minimizing the number of references to the underlying predicate felony and avoiding the phrase "serious violent felon," and instead referencing a · felony "enumerated under IC 35–47–4–5." *Spearman*, 744 N.E.2d at 550 n. 8. Our legislature could not have intended to apply Indiana Code section 35–47–4–5 otherwise, for to do so would be to create instances of prejudice analogous to determining habitu-al offender status without bifurcation or the admissibility of prior convictions contrary to our rules of evidence. *See* Ind. Evidence Rule 404(b).

In habitual offender cases, the consideration of a defendant's prior convictions is removed from the jury's guilt/innocence determination on the felony charge. *Shelton v. State*, 602 N.E.2d 1017, 1019 (Ind.1992). Through separating the consideration of prior convictions from the jury's initial guilt/innocence determination, the defendant is provided a fair and impartial jury to determine his guilt or innocence on the underlying felony charge. *Id.* Under the Indiana Rules of Evidence, "evidence of a prior conviction is as prejudicial as evidence can get, and requires a strong showing of probative value." *Thompson v. State*, 690 N.E.2d 224, 235 (Ind. 1997). Here, Bayes' Arson conviction is an essential element of the charged offense and as such cannot be bifurcated, or considered not probative. *See Spearman*, 744 N.E.2d at 548. However, the potential for prejudice may be minimized by practices suggested by this Court in *Spearman* and in the instant opinion.